KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THERESA WARE, Individually, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| STATE OF NEVADA ex rel., THE EIGHTH JUDICIAL DISTRICT COURT; a Nevada public entity; DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT
### Jury Trial Demanded

COMES NOW, the Plaintiff, THERESA WARE, by and through her undersigned counsel, KIRK T. KENNEDY, ESQ., who files this Complaint against the Defendant and would allege as follows:

1.  Plaintiff, THERESA WARE, is a resident of Clark County, Nevada and did so reside herein during all events complained of in this action.

2.  Defendant, STATE OF NEVADA ex rel. THE EIGHTH JUDICIAL DISTRICT COURT, is a Nevada state agency/entity and did so operate herein during all events complained of in this action.

3.  Defendant named herein is an employer within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964 and under Nevada's anti-discrimination statues.

4.  Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1-10 and Roe Corporations 1-10, and will amend her complaint to show their true names and capacities when the same are ascertained.  Plaintiff is informed and believes and

1

thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.  Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

5.  Plaintiff Ware timely submitted a charge of discrimination with the Equal Employment Opportunity Commission(34B-2013-00936).  The Equal Employment Opportunity Commission assumed jurisdiction over Plaintiff's charge and notice of the charge was served upon the Defendant per statutory requirements.

6.  On or about April 30, 2014, Plaintiff received a "notice of right to sue" letter which was issued from the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000e-5(f)

7.  Both jurisdiction and venue are appropriate as all events occurred in Clark County, Nevada; the Defendants operate in Clark County, Nevada; and jurisdiction is predicated upon a federal cause of action under 42 U.S.C. Section 2000, et seq.

8.  Plaintiff, a female, was hired by Defendant in 1995 as a court marshal, wherein she is presently employed in the capacity as court marshal and stationed at the Family Court division of the Defendant.

9. Plaintiff has endured various forms of discriminatory conduct and harassment based on her gender from employee(s) of the Defendant which included pervasive and ongoing verbal abuse, threats and intimidation; a hostile work environment predicated upon Plaintiff's gender which included verbal abuse, threats and intimidation; unequal treatment; disparate treatment, and overall discriminatory gender based conduct directed against the Plaintiff.

Further,  Plaintiff has been subjected to repeated sex based comments and uninvited  sexual innuendo from male co-workers that has adversely permeated the work

2

environment in an open and hostile manner; Plaintiff has suffered undue and unfair criticisms of her work performance by the Defendant; Plaintiff has been subject to unequal and disparate work conditions predicated on her gender as opposed to male co-workers; Plaintiff has suffered unfair and unwarranted disciplinary actions which were without foundation or basis and predicated upon her gender and other conduct.

10.  Plaintiff placed agents of the Defendant on notice of the ongoing gender discrimination and hostile work environment, however, Defendant and its agents  failed to protect Plaintiff from harm caused by the discriminatory conduct of its employees.

11.  Plaintiff has suffered harm and damages as a result of Defendant's conduct as set forth herein in an amount according to proof at trial.

## **FIRST CLAIM FOR RELIEF**
## **VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 and NEVADA LAW**

12.  Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 11 as though fully set forth herein.

13.  Plaintiff, a female, was subjected to regular and frequent acts of discrimination, harassment, intimidation, retaliation, threats and unequal treatment in an overall hostile work environment, as a result of conduct and actions of agents of the Defendant, said conduct in violation of 42 U.S.C. Section 2000 et seq., Title VII of the Civil Rights Act of 1964 as amended and Nevada state law.  This conduct includes, *but is not limited to*, Plaintiff suffering from gender based harassment and discriminatory conduct/ behavior from agents of the Defendant, which the Defendant failed to take any reasonable steps or conduct to prohibit or stop or correct or protect Plaintiff from; Plaintiff suffering unequal treatment based on her gender by agents of the Defendant; Plaintiff suffering an overall hostile work environment and harassment caused by actions and conduct of agents of the Defendant; Plaintiff suffering from verbal abuse, threats and intimidation directed against her by agents of the Defendants which created a pervasive and ongoing hostile work environment; and other harm which was directed against Plaintiff based on her gender.

3

Further,  Plaintiff has been subjected to repeated sex based comments and uninvited  sexual innuendo from male co-workers that has adversely permeated the work environment in an open and hostile manner; Plaintiff has suffered undue and unfair criticisms of her work performance by the Defendant; Plaintiff has been subject to unequal and disparate work conditions predicated on her gender as opposed to male co-workers; Plaintiff has suffered unfair and unwarranted disciplinary actions which were without foundation or basis and predicated upon her gender and other conduct.

14.  As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount according to proof at trial.

**SECOND CLAIM FOR RELIEF**

**NEGLIGENT SUPERVISION**

15.  Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

16.  Both Defendants were responsible for the supervision and employment of their agents to insure that said agents performed their duties and functions in accordance with state and federal law.

17.  Defendants were placed on notice of gender based discrimination and harassing conduct being directed against Plaintiff, however Defendants negligently, willfully, carelessly and recklessly failed to properly supervise their agents allowing harm to Plaintiff.

18.   As a direct and proximate result of this negligent supervision by Defendants, Plaintiff suffered harm and damages in an amount according to proof at trial.

**THIRD CLAIM FOR RELIEF**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

19.  Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

20.  Defendants' conduct as alleged herein was outrageous and beyond the bounds of

4

conduct usually tolerated in a civilized community and was done by Defendants and their agents with the intention to cause or reckless disregard of the probability of causing emotional distress to Plaintiff.

21.  As a direct and proximate result of Defendants' intentional acts, Plaintiff suffered severe emotional distress and damages in an amount according to proof at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.  For compensatory damages, including, but not limited to, future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish and loss of enjoyment of life in a sum according to proof at trial.

2. For special damages according to proof at trial;

3.  For reasonable attorney's fees incurred herein.

4.  For costs of suit and prejudgment interest.

5.  For such other and further relief deemed appropriate by this Court.

Dated this 6th day of June, 2014.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

5

1

### JURY TRIAL DEMAND

2       Pursuant to FRCP 38, Plaintiff does hereby demand a trial by

3  jury of all issues and claims raised in this Complaint.

4       Dated this 6th day of June, 2014.

5

6                          /s/Kirk T. Kennedy

7                          KIRK T. KENNEDY, ESQ.
                           Nevada Bar No: 5032
8                          815 S. Casino Center Blvd.
                           Las Vegas, NV 89101
9                          (702) 385-5534
                           Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28